**FARAH LAW, P.C.**
Neda Farah (State Bar No. 269819)
265 S. Doheny Dr., Suite # 102
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 310-494-0768
E-Mail: neda@nedafarahlaw.com
*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNIE WALDEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　Defendant. | Case No.　8:23-cv-1763<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## <u>COMPLAINT</u>

NOW COMES Plaintiff, ANNIE WALDEN ("Plaintiff"), by and through her attorneys, Farah Law, P.C., complaining as to the conduct of EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian" or "Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Experian's violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. § 1681 *et seq.*

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337(a), as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Experian resides in the Central District of California.

**PARTIES**

4. Plaintiff is a disabled individual over 18-years-of-age, and a "consumer" as defined by 15 U.S.C. §1681a(c).

5. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis. Experian is a corporation organized under the laws of the state of Ohio, with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

**FACTS SUPPORTING CAUSE OF ACTION**

6. During the summer of 2023, Plaintiff was looking to apply for a line of credit, so she accessed her consumer report through the three major credit reporting agencies ("CRAs") – Experian, TransUnion and Experian, to ensure that there were no derogatory marks on her credit file.

7. Plaintiff did not notice anything unusual on her Equifax and TransUnion reports; however, upon accessing her Experian credit file, Plaintiff was immediately taken aback by the litany of inaccurate information that clearly belonged to a different individual.

8. For instance, Experian set forth an incorrect date of birth, social security number, spouse name, last names, as well as multiple incorrect addresses. *See* attached Exhibit A for relevant pages from Plaintiff's Experian credit report, dated May 18, 2023.

9. Moreover, Plaintiff became extremely distressed when she noticed that Experian was reporting multiple mortgage accounts. *See Id.*

10. Specifically, Experian was indicating that Plaintiff had three (3) joint mortgages with an individual named "Robert Kevin Devane."

11. Plaintiff is unfamiliar with any individual by that name, nor did Plaintiff ever obtain a mortgage with any of the reported entities, so it became clear that these accounts and incorrect information belonged to the other individual whose credit file was merged into Plaintiff's by Experian.

12. Consequently, Experian disseminated the inaccurate information in Plaintiff's credit file to various persons and credit grantors.

13. Of the three major CRAs, Experian is the only agency to have merged information belonging to this other consumer on to Plaintiff's credit file.

14. As a result, on or about July 13, 2023, Plaintiff initiated a written credit dispute with Experian, in which she detailed every piece of inaccurate information that was on her credit report.

15. Plaintiff sent this dispute letter, along with a copy of her personal information and driver's license, to Experian via certified U.S. mail.

16. Upon information and belief, the furnishers of information referenced in paragraphs 9-11, *supra*, received notice of Plaintiff's disputes within five days of Experian's receipt of such dispute. *See* 15 U.S. Code §1681i(a)(2).

17. Experian failed to reasonably investigate Plaintiff's dispute, as not only did it neglect to provide Plaintiff with a copy of any reinvestigation results, but the inaccurate and disputed information remained on Plaintiff's Experian credit report. *See* attached Exhibit B for relevant pages from Plaintiff's Experian credit report, dated August 21, 2023.

18. Despite the fact that Experian was clearly mixing another individual's information into Plaintiff's credit file, as well as Experian's knowledge of the same, Experian nonetheless verified the erroneous information as accurate without conducting a reasonable investigation.

19. Experian also failed to place a "Do Not Merge" tag on Plaintiff's credit file after Plaintiff disputed the inaccurate information.[1]

---

[1] The "Do Not Merge" procedure prevents the mixing of two consumers' credit histories because it uses very strict matching criteria. When a file has a "Do Not Merge" tag placed on it, digit-for-digit matching of all nine digits of a

20. Of the three major CRAs, Experian is the only agency to have merged another individual's credit file into Plaintiff's credit file.

21. Experian negligently and willfully violated the FCRA by continuing to list the erroneous information on Plaintiff's consumer credit report, despite Plaintiff's disputes.

22. Experian was made aware that Plaintiff's credit information may have been mixed with another individual, but despite Experian's error in mixing these files in the first place, Experian also subsequently failed to remedy its errors after Plaintiff notified it of the same.

23. Experian has continued to disseminate this inaccurate information to various persons and credit grantors through the filing of this action.

24. Any reasonable investigation engaged in by Experian would and should have revealed the inaccuracy of the information on Plaintiff's credit report.

**IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE**

25. Experian's inaccurate reporting paints a false and damaging image of Plaintiff. Specifically, Experian mixed another individual's information, including a collection account, into Plaintiff's credit file. This has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it erroneously

---

social security number is required. Implementing the "Do Not Merge" procedure only takes a few seconds, and after Experian determines that a consumer's credit file is indeed mixed, it only has to make a selection on the computer.

misleads creditors into believing that Plaintiff has outstanding balances with creditors that will affect Plaintiff's ability to meet potential future obligations.

26. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

27. Despite Plaintiff's exhaustive efforts to date, Experian has nonetheless willfully failed to perform reasonable investigations and reinvestigations of the disputed inaccurate information in Plaintiff's Experian credit file as required by the FCRA.

28. As a result of the conduct, actions, and inaction of Experian, Plaintiff has suffered various types of damages as set forth herein, including specifically: the exacerbation of her physical and medical ailments, the loss of credit, the loss of ability to purchase and benefit from a credit line, certified mail expenses, and other frustration and aggravation associated with writing dispute letters, time and money expended meeting with her attorneys, tracking the status of her disputes, monitoring her credit file, and mental and emotional pain and suffering.

29. Due to the conduct of Experian, Plaintiff was forced to retain counsel to correct the inaccuracies in her Experian credit files.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

32. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

33. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

34. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

### i.  Violations of 15 U.S.C. § 1681e(b)

35. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

36. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

37. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. On numerous occasions, Experian has prepared patently false and materially misleading consumer reports concerning Plaintiff.

38. Experian knew that the inaccurate information contained in Plaintiff's credit file did not belong to Plaintiff after Plaintiff put Experian on notice of the same. In

addition, Experian's reinvestigation results reveal that while Experian deleted certain

information and/or accounts pertaining to the merged file, it failed to address *all*

accounts and information associated with this unfamiliar individual.  This indicates

that Experian had knowledge of the unlawful merge, but yet failed to entirely remedy

its error.

39. Moreover, Experian should have known that the inaccurate information

contained in Plaintiff's credit file did not belong to her considering Experian was the

only CRA that included the inaccurate information in Plaintiff's credit file, thus

demonstrating that it has no reasonable procedures to assure maximum accuracy in

preparing consumer reports.

40. By deviating from the standards established by the credit reporting industry

and the FCRA, Experian acted with reckless disregard for its duties to report accurate

and complete consumer credit information.

41. Despite actual knowledge that Plaintiff's credit file was mixed with that of

another person, Experian readily sold false reports to one or more third parties,

thereby painting a false and damaging picture of Plaintiff.

42. According to industry-wide practice, Experian should have attached a "Do

Not Merge" tag on Plaintiff's credit file to ensure that it would not continue to mix

Plaintiff's credit file with another person.

43. Experian's refusal to correct patently false and materially misleading information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff and consumers in general.

44. As demonstrated by the facts, Experian's conduct was willful and wanton and displayed a reckless disregard of the rights of Plaintiff.

45. As pled in paragraphs 25 through 29, *supra*, Plaintiff has been harmed and suffered damages as a result of Experian's illegal actions.

### ii.  Violations of 15 U.S.C. § 1681i- § 1681g

46. The FCRA mandates that a CRA conduct an investigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file is disputed by the consumer." *See* 15 U.S.C. §1681i(a)(1). The Act imposes a 30-day time limitation for the completion of such an investigation. *Id*.

47. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. *See* 15 U.S.C. §1681i(a)(5)(A).

48. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was accurate, to record the current status of the disputed information, and to subsequently delete or correct the information on Plaintiff's credit file

49. Through her dispute with Experian, Plaintiff provided Experian with indisputable evidence that demonstrated that she was not the individual whose information was mixed into her credit file.

50. Had Experian conducted any reasonable investigation, it would have updated Plaintiff's consumer file and removed any accounts and information linked to the individual whose credit file was merged into Plaintiff's.

51. Instead, Experian failed to provide Plaintiff with reinvestigation results, and erroneously verified that the information contained in Plaintiff's consumer reports did in fact belong to Plaintiff even after she notified Experian that the inaccurate information belonged to someone else.

52. Had Experian taken any steps to investigate Plaintiff's valid disputes, it would have determined that Plaintiff's credit file was being linked to another individual.

53. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's disputes to the underlying creditors that were being disputed by Plaintiff. Upon information and belief, Experian failed to send all relevant information submitted by Plaintiff demonstrating that Plaintiff's name was being merged with that of another.

54. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff regarding her disputes of the inaccurate information.

55. Had Experian reviewed the information submitted by Plaintiff, it would have been impossible for Experian to conclude that the inaccurate information did in fact belong to Plaintiff

56. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiff's disputes.

57. Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from the underlying furnishers that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

58. Experian violated 15 U.S.C. §1681i(a)(6), as it failed to provide Plaintiff with reinvestigation results regarding her disputes.

59. Experian violated 15 U.S.C. §1681g(a)(1) by failing to completely and accurately disclose to Plaintiff all the information in Plaintiff's credit file when Plaintiff tried to access her Experian credit report so she can evaluate her file for inaccuracies.

60. Despite actual knowledge that Plaintiff's credit file has been merged with that of another, Experian readily sold Plaintiff's inaccurate and misleading report to one or more third parties, thereby misrepresenting critical facts about Plaintiff, thus adversely affecting Plaintiff's credit worthiness.

61. As pled in paragraphs 25 through 29, *supra*, Plaintiff has been harmed and suffered damages as a result of Experian's illegal actions.

WHEREFORE, Plaintiff, ANNIE WALDEN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  An order directing that Experian immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c.  Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d.  Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g.  Award any other relief as this Honorable Court deems just and appropriate.

Dated: September 21, 2023            Respectfully submitted,

By: /s/ Neda Farah
Neda Farah, Esq.
**FARAH LAW, P.C.**
265 S. Doheny Dr., Suite # 102
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 310-494-0768
E-Mail: neda@nedafarahlaw.com